### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| RODNEY SMOTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02094-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### ORDER TRANSFERRING CASE

On February 8, 2021, Plaintiff Rodney Smothers filed a *pro se* "Notice of Intentional [and] Negligent … Tort [and] Motion for Release [for] Extraordinary and Compelling Reasons [pursuant to] 28 U.S.C. § 2241." (ECF No. 1). He asserts both habeas and tort claims against the Federal Bureau of Prisons (BOP). His claims arise from events on various dates in 2020-2021 during his confinement at BOP's facility in Yazoo City, Mississippi (Yazoo Facility). (*Id.* at PageID 1-17). He is presently confined at the Yazoo Facility. (ECF No. 1-2 at PageID 19.) For the reasons explained below, the Court transfers this case to the Northern Division of the United States District Court for the Southern District of Mississippi at Jackson (the Southern District), pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1406(a).

First, Smothers seeks "habeas corpus relief under 28 U.S.C. § 2241[1] for the constitutional and willful deprivation of my rights." (ECF No. 1 at PageID 1 (Habeas Claims).) A petition for

---

[1] "The writ of habeas corpus shall not extend to a prisoner unless -- (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress … ;

a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian. *In re Gregory,* 181 F.3d 713, 714 (6th Cir. 1999). The absence of Smothers's custodian from this Court's territorial jurisdiction is fatal to its ability to consider the Habeas Claims' merits. This Court in Tennessee does not have personal jurisdiction over the warden of the Yazoo Facility in Mississippi, where Plaintiff is incarcerated. Therefore, lacking jurisdiction, this Court **TRANSFERS** the Habeas Claims to the Southern District.

As to the tort, civil rights, and other statutory claims that Smothers alleges (Non-Habeas Claims), his complaint has no connection with this district. (*See, e.g.*, ECF No. 1 at PageID 4 ("I am subject to intentional and negligent tort by the Bureau of Prisons") & PageID 5 ("I have been systematically deprived of my rights, privileges and immunities … provided … by the … First Step Act, CARES Act … and Civil Rights of Institutionalized Persons Act"). Under 28 U.S.C. 1391(b)(1)-(2), "[a] civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here though, the conduct from which the Non-Habeas Claims arise occurred at the Yazoo Facility (ECF No. 1 at PageID 1-17), which is in Yazoo City, Yazoo County, Mississippi – *i.e.*, part of the Northern Division of the Southern District of Mississippi. 28 U.S.C. § 104(b)(1). Smothers should have brought his Non-

---

or (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations …" 28 U.S.C. § 2241(c).

Habeas Claims in the Southern District of Mississippi. Therefore, his Non-Habeas Claims are **TRANSFERRED**, pursuant to 28 U.S.C. § 1406(a)[2], to the Southern District.[3]

This leaves the matter of the filing fee, which is complicated by the fact that Smothers combines: (1) Habeas Claims, which have a $5 filing fee[4]; with (2) the Non-Habeas Claims, which have a $350 filing fee.[5] Plaintiff should have brought them in separate actions.[6] No payment or application to proceed *in forma pauperis* has been received by Smothers. Given these complications, and because the Habeas and Non-Habeas Claims are being transferred to the Southern District, the matter of the filing fee will be left for the receiving court.

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[3] *See United States of America v. Sanders*, No. 19-20191, 2021 WL 510195, at *2 (E.D. Mich. Feb. 11, 2021) ("If [plaintiff] is seeking to bring a separate habeas action under § 2241, he must file in a court that has jurisdiction over his custodian … 'To the extent [he] also seeks to raise a conditions of confinement [claim],' such a claim needs to be brought in the federal district where the prison is located") (internal citations omitted) (citing cases).

[4] For a habeas suit, a plaintiff must either pay a $5 filing fee or submit a motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a).

[5] There is a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a) and (b). The Judicial Conference has set a $50 administrative fee for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Accordingly, plaintiffs who are not granted pauper status are responsible for the full $400 fee.

[6] To the extent Plaintiff requests release from custody (*see* ECF No. 1 at PageID 1), the proper vehicle for pursuing "immediate release or a speedier release" from confinement is a habeas corpus petition -- and not a tort action. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)). A prisoner seeking release must do so "through a writ of habeas corpus, not through § 1983" or tort claims. *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014).

The Clerk is directed to **CLOSE** this case without entry of judgment.

**SO ORDERED**, this 26th day of February, 2021.

                                                  *s/John T. Fowlkes, Jr.*
                                                  JOHN T. FOWLKES, JR.
                                                  UNITED STATES DISTRICT JUDGE